IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| BILLY EUGENE BROWN, | : | |
| Plaintiff | : | |
| VS. | : | **1 : 04-CV-32 (WLS)** |
| SHERIFF DONNIE HARALSON, | : | |
| Defendant. | : | |

**RECOMMENDATION**

Presently pending in this § 1983 action is the defendant's Motion for Summary Judgment. The undersigned notified the plaintiff of the filing of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

The plaintiff filed an initial complaint in March 2004, raising several challenges to the conditions of his confinement at the Crisp County Detention Center ("CCDC") between January 29, 2004 and March 22, 2004. Pursuant to an order from this court, the plaintiff filed a recast complaint in June 2004, raising two (2) claims. A recommendation to dismiss the second of these two (2) claims remains pending herein. In claim one, the plaintiff alleges that he was subjected to cruel and unusual punishment when he was exposed to "noxious fumes" from burning electrical wires at the CCDC. The plaintiff maintains that these fumes permeated the jail and caused him permanent breathing difficulties.

*Standard of review*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992) (citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986)).  However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Defendant Haralson has supported his motion for summary judgment with his affidavit, as well as the affidavits of the chief jail administrator and physician on staff at the Crisp County Detention Center during the time period in question.

*Exhaustion*

Initially, the defendant argues that the plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, in that he filed no grievances regarding the "noxious fumes" claim.  The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action.  The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e (a).  In support of this argument, the defendant has submitted the affidavit of Chief Jail Administrator Delwin Partain, who maintains that at no time during plaintiff's incarceration at the Crisp County Detention Center did he file any grievances.

In his response to the defendant's summary judgment motion, the plaintiff makes reference to his attached affidavit, although it does not appear that such an affidavit was ever filed. In his unsworn statements filed in response to the defendant's summary judgment motion, the plaintiff admits that the CCDC had a grievance procedure in place, and maintains that he filed at least three (3) grievances while confined at the CCDC between January 24, 2004, and March 22, 2004. The plaintiff maintains that these three (3) grievances pertained to the noxious fumes issue and that all of these grievances were ignored by the jail officials. The plaintiff surmises that "[t]he CCDC wished to have certification from the American Correctional Association as a condition of their contract with the U.S. Marshal's Service, and did not wish to keep records which would reflect adversely upon the facility during an audit by the accrediting agency". Plaintiff's Brief in Opposition at p. 3.

Although the plaintiff has responded to the defendant's summary judgment motion, his responses consist entirely of unsworn, unsupported statements that are insufficient to overcome the defendant's summary judgment showing, to wit, that the plaintiff did not file any grievances regarding the remaining claims herein. The plaintiff makes repeated references to grievances filed during the time period in question, but he has failed to submit any evidence supporting his contentions, either in the form of sworn testimony or copies of the grievances filed. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998) (prisoners filing § 1983 cases involving prison conditions must attach available administrative decisions to evidence exhaustion.).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. Moore v. Smith, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); Harper v. Jenkin, 179 F.3d 1311 (11th Cir.

3

1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Inasmuch as the plaintiff has failed to rebut the defendant's summary judgment showing the court must conclude that the claim(s) underlying this action remains unexhausted, therefore barring a § 1983 action based thereon. Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.").

Accordingly, it is the recommendation of the undersigned that the defendant's Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 26th day of July, 2005.

    /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb